**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4358**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN LA-MAR CALDWELL,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00258-LCB-1)

───────────────

Submitted:  January 19, 2023                    Decided:  June 27, 2023

───────────────

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina for Appellant.  Sandra J. Hairston, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Kevin La-Mar Caldwell pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court sentenced him to time served and a three-year term of supervised release. Before expiration of that term, Caldwell's probation officer petitioned the district court to revoke his supervised release, alleging he had violated the conditions of supervision by being convicted in North Carolina state court of felony breaking and entering, felony larceny after breaking and entering, and felony possession of cocaine, and being sentenced to suspended terms of 12 to 24 months' imprisonment and 30 months' supervised probation; and fleeing the apartment in which he was approved to reside. At the revocation hearing, Caldwell admitted these violations. The district court calculated an advisory policy statement range under the U.S. Sentencing Guidelines Manual (2021) of 18 to 24 months' imprisonment, revoked Caldwell's supervised release, and sentenced him to 24 months' imprisonment and 12 months of supervised release. On appeal, Caldwell argues that this sentence is procedurally and substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We will affirm a revocation sentence "if it is within the statutory maximum and is not plainly unreasonable." *Id.* In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In making this determination, we are guided by "the same procedural and substantive considerations that

2

guide our review of original sentences," but we take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A [supervised release] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e) (listing applicable factors). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (cleaned up). The court's explanation also must provide us assurance that it considered any potentially meritorious arguments raised by the parties as to the appropriate sentence to be imposed. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range under the Guidelines is presumed reasonable. *Gibbs*, 897 F.3d at 204.

Only if we find a revocation sentence unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis-that is, clear or obvious." *Slappy*, 872 F.3d at 208 (cleaned up). "If a revocation sentence-even

3

an unreasonable one-is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

The 24-month prison term and the 12-month supervised release term do not exceed the applicable statutory maximums, and the district court properly calculated Caldwell's advisory policy statement range at 18 to 24 months' imprisonment. The court also considered this range, the argument of counsel, and Caldwell's allocution. Caldwell argues that his sentence is procedurally unreasonable because the district court failed to fully articulate the reasons for it and failed to consider his nonfrivolous arguments for a shorter prison term. He also argues that the sentence is substantively unreasonable because the court did not provide a compelling justification for it.

We reject Caldwell's arguments. Although not couched in the precise language of applicable § 3553(a) factors and factors applicable for consideration under the Guidelines, the district court's reasons for imposing sentence are easily matched to factors appropriate for consideration in the revocation sentencing context and tied to Caldwell's particular situation, namely, the nature and circumstances of his violative conduct, his history and characteristics, the need for the sentence imposed to deter Caldwell, and the sanctioning of his acts in breaching trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), (2)(B), 3583(e); USSG ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). The record also reflects that the district court considered but ultimately rejected Caldwell's arguments for a shorter prison term. *See Gibbs*, 897 F.3d at 204, 206. The court stated appropriate bases for the conclusion that Caldwell should receive the sentence it imposed, and Caldwell has not

4

pointed    to    factors    tending    to    overcome    the    presumption    that    his within-policy-statement-range prison term is reasonable.  The sentence is not unreasonable and therefore is not plainly unreasonable.

Moreover, even "assuming *arguendo* [Caldwell is] able to demonstrate the district court committed plain error," we nevertheless conclude he is "unable to show that the court's error affected his substantial rights by influencing the outcome of the revocation hearing." *United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013).  Caldwell has not argued he would have received a lower sentence had the district court not committed the errors he alleges, and he therefore has "failed to justify a remand for resentencing." *Id.* at 643.

We thus affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5